**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 20-cv-10094-KMM/Becerra

BIANCA N. DIGENNARO, as the
legal guardian of HMM, a minor,

     Plaintiff,

v.

MICHAEL L. MALGRAT, KENNETH JW WAITE,
FRED C. SIMS, ASHLEY N. HENRIQUEZ,
KYLE SHEER, FRAN HERIN,
CITY OF KEY WEST, FLORIDA and
MONROE COUNTY SCHOOL DISTRICT,

     Defendants.

_____/

**REPORT AND RECOMMENDATION[1]**
**ON DEFENDANTS' MOTION TO TAX COSTS**

    **THIS CAUSE** is before the Court upon Defendants Michael L. Malgrat, Fred

C. Sims, Kenneth JW Waite, and the City of Key West's ("Defendants") Motion to Tax

Costs (the "Motion"), ECF No. [71].  Plaintiff Bianca N. Digennaro ("Plaintiff" or "Ms.

Digennaro") filed a Brief in Opposition to Defendants' Motion (the "Response"), ECF

No. [75].  Defendants filed their Reply (the "Reply"), ECF No. [77].  The Court held a

hearing on January 28, 2022.  ECF No. [87].  Upon consideration of the Motion, the

pertinent portions of the record, and being otherwise fully advised in the premises, it

---

[1] The Honorable K. Michael Moore, United States District Judge, referred this matter
to the undersigned "to take all necessary and proper action as required by law."  ECF
No. [73].

is hereby **RECOMMENDED** that Defendants' Motion, ECF No. [71], be **GRANTED,** and that Defendants be awarded $5,401.15 in costs.

### I.      BACKGROUND

On December 4, 2020, Ms. Digennaro filed her Amended Complaint against Defendants[2] seeking damages and declaratory and equitable relief arising out of an altercation between HMM, her minor son, and Defendants, which led to HMM's arrest.  ECF No. [35].  Specifically, Ms. Digennaro's Amended Complaint asserted violations of: (1) the Fourteenth Amendment (State Created Danger) pursuant to 42 U.S.C. § 1983; (2) the Fourth Amendment (Excessive Force) pursuant to 42 U.S.C. § 1983; (3) the Fourth Amendment (Duty to Intervene) pursuant to 42 U.S.C. § 1983; (4) the Americans with Disabilities Act (the "ADA"); and (5) the Fourth and Fourteenth Amendments (Municipal Liability) pursuant to 42 U.S.C. § 1983.  *Id.*

On April 29, 2021, Defendants moved for summary judgment.  ECF No. [60]. Plaintiff filed a Brief in Opposition, ECF No. [63], and Defendants filed a Reply, ECF No. [67].  On June 14, 2021, the District Court granted summary judgment for Defendants.  ECF No. [69].  The Court entered Final Judgment for Defendants on June 21, 2021.  ECF No. [70].

On June 29, 2021, Defendants filed the instant Motion pursuant to Federal Rule of Civil Procedure 54(d)(1), requesting costs in the amount of $5,401.15.  ECF No. [71] at 1–2.   Specifically, Defendants requests $4,941.15 for "printed or

---

[2] Plaintiff initially named additional defendants in this action, for whom the Court granted a Motion to Dismiss, *see* ECF Nos. [37], [42], including Ashley N. Henriquez, Kyle Sheer and Fran Herin (the "School District Defendants").

electronically recorded transcripts necessarily obtained for use in the case[.]"  ECF No. [71-1] at 1.  Defendants also seek $460.00 in "[o]ther costs" which are also deposition-related costs, specifically, for videography services for a deposition.  *See id.*; ECF No. [71-2] at 2.  Thus, Defendants seek a total of $5,401.15 in costs.

Plaintiff filed a Response, setting forth a limited objection.  *See* ECF No. [75]. Specifically, Plaintiff argued that because she had filed the "complete deposition transcripts" as exhibits to her Response in Opposition to Defendants' Motion for Summary Judgment, "Defendants are not entitled to recover costs to purchase a second copy of transcripts" because such "transcripts were not 'necessarily obtained for use in the case.'"  *Id.* at 3 (citing 28 U.S.C. 1920(2)).  Accordingly, Plaintiff challenged only the $2,710.30 of alleged duplicate transcripts.  *Id.*  Defendants filed a Reply, arguing that Defendants did not have access to the deposition transcripts that Plaintiff filed as exhibits, because they were filed under seal.  ECF No. [77] at 2. Further, Defendants argue that they placed their orders for copies of the transcripts at the time of the depositions themselves.  *Id.* at 2–3.  Moreover, Defendants argue that "[i]n requesting copies of the deposition transcripts only if ordered by Plaintiff's counsel, the Defendants acted reasonably in requesting copies of their deposition transcripts."  *Id.* at 3.

The Court held a hearing on this matter on January 28, 2022.  ECF No. [87]. At the hearing, Plaintiff's counsel withdrew Plaintiff's prior objections, and represented to the Court that Plaintiff no longer objected to the full amount in costs sought by Defendants.

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)).  Indeed, a presumption exists in favor of awarding costs.  *Id.*  "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so."  *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Section 1920 "defines the term 'costs' as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 437 (1987).  The specific costs which may be awarded set forth in Section 1920 are as follows:

> (1)   Fees of the clerk and marshal;
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)   Fees and disbursements for printing and witnesses;
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)   Docket fees under section 1923 of this title;
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Upon the filing of a timely bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall

outside the scope of 28 U.S.C. § 1920 or are otherwise unreasonable. *See, e.g., Kaplan v. Nautilus Ins. Co.*, No. 1:17-CV-24453-KMM, 2020 WL 9458649, at *2 (S.D. Fla. Aug. 11, 2020) ("Because the parties have equal knowledge to the utility of transcripts, the party who challenges the proposed costs bears the burden of showing that specific deposition costs . . . [were] not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition.") (citation and quotations omitted); *Sensormatic Elecs. Corp. v. Tag Co. US*, No. 0681105CIV, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) ("Where a party challenges the costs requested, the burden lies with the challenging party.") (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

Deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *W & O, Inc.,* 213 F.3d at 621 (citation and quotations omitted); s*ee also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015). "To satisfy the necessarily obtained requirement . . . a deposition must only appear to have been reasonably necessary when it was taken." *Hernandez v. Sams E., Inc.*, No. 20-CV-61648, 2021 WL 4080786, at *2 (S.D. Fla. Aug. 13, 2021), *report and recommendation adopted sub nom. Hernandez v. Sam's E., Inc.*, No. 20-CV-61648-RAR, 2021 WL 4077955 (S.D. Fla. Sept. 8, 2021) (citing *W&O Inc.*, 213 F.3d at 620–22 (quotations omitted)); *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391, at *1.

Here, there is no dispute that Defendants are the prevailing party, warranting an award of taxable costs. As such, the only issue before the Court is whether the requested costs are taxable.

First, Defendants seek $2,211.25 in costs related to depositions that Defendants took of Plaintiff, her minor son, and Herschell Major. *See* ECF No. [71] at 3; ECF No. [71-2] at 1 ($441.50 in costs for the deposition of Plaintiff's minor son), 2 ($460.00 in videography service costs for the depositions of Bianca Digenarro and Herschell Major), 3 ($1,309.75 in deposition costs for Herschell Major and Bianca Digenarro). Defendants argue these depositions were "transcribed for use in support of City Defendant's Motion for Summary Judgment or for use at the trial of the action." ECF No. [71] at 3. Second, Defendants seek $479.60 in costs related to the transcript of the deposition that Defendants took of the minor Plaintiff's teacher, Ashley Henriquez. *See* ECF No. [71-2] at 4. Defendants argue they ordered this transcript "for use in support of their motion for summary judgment and for use at trial." ECF No. [71] at 3.

Plaintiff sets forth no objection to these costs. Indeed, it is apparent from the record that the depositions were necessarily obtained, as the deposition transcripts were in fact used in support of Defendants' Motion for Summary Judgment. Moreover, the videography service fees pertaining to the depositions of Bianca Digennaro and Herschell Major are recoverable. *See Carlson v. FedEx Ground Package Sys., Inc.*, No. 805CV1380T24TGW, 2014 WL 12610854, at *4 (M.D. Fla. Jan. 24, 2014) ("[W]hen a party notices a deposition to be recorded by nonstenographic

means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.") (quoting *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996)).  Given that Plaintiff does not object to these costs and the depositions at issues were necessarily obtained for use in this case, the undersigned finds that these costs are recoverable, and Defendants are entitled to the $2,690.85 in costs for these depositions.

Defendants also seek $2,710.30 in costs related to the deposition transcripts of "the individual City Defendants, Michael Malgrat, Fred C. Sims and Kenneth JW White[,] as well as the City's representative Captain Randall Smith."  ECF No. [71] at 3; ECF No. [71-2] at 5 ($791.50 in costs for the deposition of Captain Randall Smith), 6 ($1,918.80 in costs for the depositions of Michael Malgrat, Jr., Fred Sims, and Kenneth Waite, III).  Defendants argue that they "obtained copies of the deposition transcripts [of the individual City Defendants and City representative] for use in support of their motion for summary judgment or for the previously scheduled trial."  ECF No. [71] at 3.

Although Plaintiff initially filed a Response objecting to these costs, Plaintiff withdrew those objections at the January 28, 2022 hearing.  Moreover, the Court's review of the record shows that these transcripts were not only used by Plaintiff in her filings with the Court, but Defendants also referenced at least some of these depositions in their summary judgment reply brief.  *See* ECF No. [67] at 5–6.  Given

that Plaintiff does not object to these costs and the costs were for depositions necessarily obtained for use in this case, the undersigned finds that these costs are recoverable, and that Defendants are entitled to the $2,710.30 in costs for these deposition transcripts.  In sum, Defendants should be awarded the full amount they seek in costs, $5,401.15.

### III.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Defendants' Motion, ECF No. [71], be **GRANTED**, and that Defendants be awarded $5,401.15 in costs.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **THREE (3) DAYS** of being served with a copy of this Report and Recommendation.  The undersigned has shortened the objection period in this case given that at the hearing before the undersigned, Plaintiff indicated no objection to a shortened objection period.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on February 3, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

8