## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:20-cv-10094-KMM/Becerra

BIANCA N. DIGENNARO, as the
legal guardian of HMM, a minor,

      Plaintiff,

v.

MICHAEL L. MALGRAT, KENNETH JW WAITE,
FRED C. SIMS, ASHLEY N. HENRIQUEZ,
KYLE SHEER, FRAN HERIN,
CITY OF KEY WEST, FLORIDA and
MONROE COUNTY SCHOOL DISTRICT,

      Defendants.

_____/

### ORDER[1] ON MOTION FOR SANCTIONS PURSUANT TO RULE 11

**THIS MATTER** is before the Court on Defendants Michael L. Malgrat, Fred C. Sims,

Kenneth JW Waite, and the City of Key West's ("Key West") (collectively, "City Defendants")

Motion For Sanctions (the "Motion For Sanctions").  ECF No. [72].  Plaintiff Bianca N. Digennaro

("Plaintiff" or "Ms. Digenarro") filed her Brief in Opposition (the "Response"), ECF No. [76], and

City Defendants filed their Reply (the "Reply"), ECF No. [78].  The Court held oral argument on

---

[1] The Honorable K. Michael Moore, United States District Judge, referred this matter to the undersigned "to take all necessary and proper action as required by law." ECF No. [73]. Because the undersigned has determined that sanctions are not appropriate in this case, an order, as opposed to a report and recommendation, may be entered.  *See Commercial Long Trading Corp. v. Scottsdale Ins. Co.*, No. 12-22787-CIV, 2013 WL 1100063, 1 n.1 (S.D. Fla. Mar. 15, 2013) (Goodman, J.) ("In determining between dispositive and non-dispositive sanctions, the critical factor is what sanction the magistrate judge *actually* imposes, rather than the one *requested* by the party seeking sanctions.") (emphasis in original) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995); *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 683 n.2 (S.D. Fla. 2012) (explaining that a magistrate judge has authority to enter an order, as opposed to a report and recommendation, when sanctions are denied).

this matter on January 28, 2022.  ECF No. [87].  After due consideration of the briefing, the oral argument, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that City Defendants' Motion For Sanctions, ECF No. [72], be **DENIED**.

## I.   BACKGROUND

On December 4, 2020, Ms. Digennaro filed her Amended Complaint against Defendants[2] seeking damages and declaratory and equitable relief arising out of an altercation between her eight-year-old son, HMM, and a teacher, which led to HMM's arrest.  ECF No. [35].  HMM is designated as a "special needs child" with a history of behavioral issues.  ECF No. [69] at 2.  On the date of the incident, HMM was sitting improperly while at school, and after he refused to comply with a teacher's instructions, an altercation between HMM and the teacher occurred, in which HMM struck the teacher in the chest.  *Id.*  Officers who were called to the school advised the child that he was being arrested, patted the child down (apparently for weapons), and attempted to handcuff HMM but were not able to because HMM's wrists appeared to be too small for the handcuffs.  *Id.* at 3.  Officers transported HMM to the Monroe County Jail.  *Id.* at 3–4.  The arrest was captured on body-worn camera video.  *Id.* at 5.

Ms. Digennaro's Amended Complaint asserted violations of: (1) the Fourteenth Amendment (State Created Danger), pursuant to 42 U.S.C. § 1983; (2) the Fourth Amendment (Excessive Force), pursuant to 42 U.S.C. § 1983; (3) the Fourth Amendment (Duty to Intervene), pursuant to 42 U.S.C. § 1983; (4) the Americans with Disabilities Act (the "ADA"); and (5) the Fourth and Fourteenth Amendments (Municipal Liability), pursuant to 42 U.S.C. § 1983.  *Id.*  The

---

[2] Defendants at the time of the Amended Complaint's filing included Ashley N. Henriquez, Kyle Sheer and Fran Herin (the "School District Defendants") as well as the City Defendants who bring the instant Motion For Sanctions.

School District Defendants filed a Motion to Dismiss First Amended Complaint (the "School District Defendants' Motion to Dismiss"), on December 18, 2020. ECF No. [37]. Plaintiff filed a Response in Opposition. ECF No. [40]. The School District Defendants filed a Reply. ECF No. [41]. On March 2, 2021, the District Court granted School District Defendants' Motion to Dismiss. ECF No. [42]. On April 29, 2021, City Defendants moved for summary judgment. ECF No. [60]. Plaintiff filed her Opposition, ECF No. [63], and City Defendants filed a Reply, ECF No. [67].

On June 14, 2021, the District Court granted summary judgment for City Defendants, ECF No. [69]. The District Court's opinion included the following findings and conclusions. First, as to Plaintiff's excessive force and duty to intervene claims, the Court applied the balancing test set forth by the Supreme Court in *Graham v. Connor* to evaluate whether City Defendants' actions were "objectively reasonable" considering the totality of the circumstances. *Id.* at 8–11 (applying the test set forth in *Graham v. Connor*, 490 U.S. 386 (1989)). The Court noted that "[b]alancing these factors does not tip the scale in either Parties' favor" but the Court could not "overlook the fact that—as depicted in the Arrest Video—Waite merely *attempted* to handcuff HMM for less than thirty seconds, causing no physical pain or injury." *Id.* at 9 (emphasis in original). The Court also noted that the relevant inquiry was whether HMM suffered any physical injury, and that "here Defendants were effectuating a lawful arrest." *Id.* at 11. Thus, the Court granted summary judgment for Defendants Malgrat, Waite, and Sims on the excessive force and duty to intervene claims. The Court also noted that City Defendants would be entitled to qualified immunity, had their actions *not* been objectively reasonable. *Id.* As to Plaintiff's municipal liability claim under Section 1983 against Defendant Key West, the Court granted summary judgment for Defendant Key West, noting that because the Court determined there was no violation of HMM's

constitutional rights, Defendant Key West could not be liable under Section 1983. *Id.* at 15.[3] Finally, the Court granted summary judgment for City Defendants on Plaintiff's ADA claim, construing a claim under the theory of failure to provide reasonable accommodations, because the record did not demonstrate that HMM had a qualifying disability, that City Defendants knew of any such disability, or that an accommodation was requested. *Id.* at 16–17. The Court entered Final Judgment for Defendants on June 21, 2021. ECF No. [70].

## II.    The Instant Motion

City Defendants filed their Motion For Sanctions on June 29, 2021. ECF No. [72].[4] Specifically, City Defendants move for sanctions under Rule 11 of the Federal Rules of Civil Procedure, 42 U.S.C. § 12205, 28 U.S.C. §1927, and the Court's inherent powers. City Defendants argue that "[t]he information in Plaintiff's possession (or readily available to her) together with the Court's March 2, 2021 Order (dismissing the School District Defendants) amply inform[ed] Plaintiff that the claims remaining against these Defendants lack[ed] any justiciable issue, [and were] frivolous."[5] *Id.* at 2. City Defendants argue that Plaintiff's "claim that [a] security video

---

[3] The Court noted that "Plaintiff concedes that '[d]iscovery did not reveal a viable training claim against the City' and thus abandons any claim of municipal liability on a failure to train theory" but also noted that "Plaintiff argues that 'if it is determined that the use of force . . . was not objectively reasonable, a dispute of material fact exists regarding [whether] or not City policy was the moving force that caused the constitutional injury." *Id.*

[4] On March 18, 2021, pursuant to Federal Rule of Civil Procedure 11(c)(2), Defendants served Plaintiff with a copy of the instant Motion for Sanctions. ECF No. [72] at 1 n.1. Plaintiff did not withdraw or modify the Amended Complaint. On June 29, 2021, Defendants filed their Motion for Sanctions.

[5] City Defendants argue that Plaintiff's claims that were dismissed as to the School District Defendants "should be dismissed within the 21-day safe harbor provision provided by Rule 11" but "in the event these issues are ultimately presented for the Court's determination, sanctions are sought as to any and all claims not dismissed within Rule 11's safe harbor provision." *Id.* at 2. The District Court has since granted summary judgment in favor of City Defendants as to all remaining claims. ECF No. [69].

[of the altercation] – alleged to exist **upon belief** – would have exonerated HMM had the law enforcement officers taken the opportunity to review same prior to arrest, was without merit." *Id.* at 3 (emphasis in original).  City Defendants allege that such video cannot exist, given that the incident occurred over three years ago and after seven months of litigation. *Id.*  City Defendants also argue that Plaintiff claimed "witnesses, if interviewed, would have exonerated HMM" but Plaintiff never disclosed those witnesses to City Defendants. *Id.*

Specifically, City Defendants attack the legitimacy of each count of the indictment.  As to Count I, Plaintiff's Fourteenth Amendment Due Process claim, City Defendants argue that this claim was premised on an identical theory to that of the Fourth Amendment excessive force claim in Count II, and that Count I is misplaced because "well-settled law establishes that excessive force claims are properly analyzed under the *Fourth Amendment*, and not substantive due process." *Id.* at 5 (emphasis in original).  Further, City Defendants argue that Count I as to the School District Defendants was identical to the claim in Count I against Defendant Malgrat, and therefore, in light of this Court's March 2nd ruling dismissing that count, Plaintiff should have known that the count was not viable and should have dismissed it. *Id.*

As to Counts II and III for excessive force or failure to intervene under the Fourth Amendment against Defendants Waite, Sims, and Malgrat, City Defendants argue that there is no question that a felony arrest occurred, and because the arrest was supported by probable cause, *i.e.* teacher Henriquez' reporting a battery to law enforcement, "the only issue is whether the force utilized was excessive, which cannot properly be analyzed under the notion that 'any force' was excessive because this was a minor disciplinary matter." *Id.* at 6.  According to City Defendants, "[g]iven the absence of any authority converting minimal force to an actionable *Fourth*

*Amendment* claim solely by virtue of the arrestee's age, Plaintiff's section 1983 claims against the individual officers are entirely groundless." *Id.* at 7.

As to Count III, Plaintiff's ADA claim, City Defendants argue that "[n]o good faith arguments exists that the ADA applies" here since there is no allegation that City Defendants wrongfully arrested HMM by mistaking his Attention Deficit Hyperactivity Disorder for criminal conduct, nor that City Defendants failed to reasonably accommodate HMM and his disability after the arrest. *Id.* at 8.

Finally, as to Count IV, Plaintiff's Section 1983 claim that Defendant Key West failed to properly train or establish policies, which contributed to the alleged unlawful force of the arrest, City Defendants argue that no claim exists "[s]ince as a threshold issue no excessive force was applied." *Id.* at 9.  Moreover, City Defendants argue that "the City policies applicable to arrest do not require handcuffing a minor, but instead leave it to officer discretion" and the fact that "Plaintiff disagrees with the discretion utilized in respect to her son does not render the customs, policies and practices of the City of Key West violative of the Constitution." *Id.*

In her Response, Plaintiff argues that "[t]he federal pleading rules do not require a Plaintiff to plead legal theories." ECF No. [76] at 2.  Plaintiff notes that, "[w]hile the Defendants argue that the claims were obviously frivolous when filed, the Defendants fail to explain why they opted to file an Answer instead of a Motion to Dismiss" and that "the purported frivolity of the Plaintiff's claims [apparently] did not reveal itself to the Defendants until after the Court decided the School Defendants' Motion to Dismiss." *Id.*  As to City Defendants' argument regarding Plaintiff's failure to produce an alleged video, Plaintiff responds that City Defendants "do not present any evidence establishing that [] at the time of the filing [of] the Complaint and/or Amended Complaint, Plaintiff

knew that no security video existed or knew that Malgrat had failed to interview numerous available witnesses." *Id.*

As to Count I, Plaintiff argues that she did agree to dismiss Count I against Defendant Malgrat and that she "honored this agreement and advised the Court accordingly" in her response to City Defendants' Motion for Summary Judgment. *Id.* As to City Defendants' arguments concerning the excessive force claims, Plaintiff responds that (1) Plaintiff presented expert evidence that "HMM suffered a significant mental health injury" and that "the force used did not comport with accepted national practice"; (2) the fact that the Court resolved the factual dispute of whether the force was objectively reasonable in City Defendants' favor does not mean that no jury could have found in favor of Plaintiff; and (3) "an officer can be found to have violated a plaintiff's constitutional rights while still enjoying immunity." *Id.* at 4–7. As to the ADA claim against City Defendants, Plaintiff argues that the Eleventh Circuit requires that a defendant know or reasonably be expected to know of an individual's disability and the need for an accommodation. *Id.* at 9. Further, Plaintiff argues that her law enforcement expert provided evidence that Defendant Malgrat knew or should have known of HMM's disability. *Id.* at 9–11. Finally, as to the Section 1983 claim, Plaintiff argues that "[t]he Individual Defendants testified that [Defendant Key West's] policy required them to attempt handcuffing" but Defendant Key West disputed that claim, asserting that the city's policy does not require attempted handcuffing. *Id.* at 11. Plaintiff argues that this is a "non-frivolous dispute of material fact." *Id.* Finally, Plaintiff contends that "[d]iscovery did not reveal a viable training claim" against City Defendant and so "pursuant to 28 U.S.C. § 1927, in response to the Defendants' Motion for Summary Judgment, Plaintiff concurred in its dismissal as required. *Id.* at 4.

In City Defendants' Reply, they argue that Plaintiff had "ample opportunity" to dismiss Count I under the 21-day safe harbor provision of Rule 11, after City Defendants had served Plaintiff with their Motion for Sanctions, but Plaintiff failed to do so, which resulted in City Defendants addressing the claim in their Motion for Summary Judgment.  ECF No. [78] at 1–3.  City Defendants also reasserted that the ADA claim is inapplicable here, arguing that the City Defendant officers did not know or have reason to know of HMM's disability, that "the Court could not even discern which legal theory Plaintiff sought to advance," and that Plaintiff failed to dismiss Count IV under the safe harbor provision.  *Id.* at 3–4.  Finally, City Defendants argue that, in granting City Defendants summary judgment, the Court "accepted Defendants' assertion – as it was plainly depicted – that the 'force' at issue here could not properly be deemed anything more than an attempt to handcuff for less than 30 seconds, causing no physical pain or injury."  *Id.* at 5.

## III.   ANALYSIS

City Defendants seek sanctions under various grounds.  The Court will consider each in turn.  First, as to Rule 11 of the Federal Rules of Civil Procedure, the Rule states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1)–(3).  Federal Rule of Civil Procedure 11(c) provides that a litigant may file a motion for sanctions, and after the procedural notice requirements are met, an issue not in dispute here, "the court may impose an appropriate sanction on any attorney, law firm, or party

that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1)–(2). Although Rule 11 plainly empowers a court to sanction parties or counsel, it is an "extraordinary remedy, one to be exercised with extreme caution." *Menendez v. Signature Consultants, LLC*, No. 11-61534-CIV, 2011 WL 6179727, at *1 (S.D. Fla. Dec. 13, 2011) (citation omitted). Indeed, "Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (emphasis in original); *see also* Fed. R. Civ. P. 11. Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). "Sanctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak.'" *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998)); *Bathazi v. U.S. Dep't of Homeland Sec.*, 667 F. Supp. 2d 1375, 1378–79 (S.D. Fla. 2009) (holding that plaintiff's counsel's persistence in continuing to challenge the adjudication process in light of repeated jurisdictional dismissals constituted "deliberate indifference" and thus ordering plaintiff's counsel to show cause as to why counsel should not be subject to sanctions under Rule 11). "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010) (J. Tjoflat, concurring in part) (citing *Davis*, 906 F.2d at 535–37). Where no evidence or only "patently frivolous"

evidence is offered to support factual contentions, sanctions can be imposed.  *See Davis*, 906 F.2d at 537.  If, however, the evidence supporting the claim is reasonable, but simply "weak" or "self-serving," sanctions cannot be imposed.  *See id.* at 536.

Under Rule 11, the issue before the Court is whether the pleading had no reasonable factual basis, or was based on a legal theory that has no reasonable chance of success or legal theories, or whether the claims were brought in bad faith.  The undersigned finds that the claims in the Amended Complaint do not warrant the imposition of Rule 11 sanctions.  The Court cannot find that the claims had no reasonable factual basis, or no reasonable chance of success, or were brought in bad faith.  To be sure, there is no argument or evidence of bad faith, instead City Defendants' request under Rule 11 is based on their argument that the claims were not sufficient either legally or factually.  To be sure, a reading of the Court's Order granting summary judgment suggests that the claims at hand were weak, given the state of the law, but there is nothing in the Order or in the claims as the undersigned reads them to suggest that the matter is subject to sanctions.  Indeed, loosing arguments and claims are not the stuff of which a Rule 11 claim can be made.

Moreover, City Defendants' argument as to Count I, for which they had specifically provided a Rule 11 notice under the safe harbor provisions, also fails.  Indeed, as Plaintiff argues and as supported by the record, although Plaintiff did not file something with the Court formally withdrawing the claim, Plaintiff's counsel contacted counsel for City Defendants and advised that they were not pursuing the claim.  This representation was not challenged by City Defendants. Indeed, in her Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiff stated, "Discovery revealed that during all relevant times, MALGRAT was a CITY employee, acting pursuant to CITY policy.  As such, prior to the filing of the instant motion, Plaintiff agreed to dismiss Count I against MALGRAT.  As such, Plaintiff concurs in its dismissal."  ECF No. [63]

at 3.  Although a notice dismissing the claim should have been filed with the Court before summary judgment motions were due, the failure to do so does not rise to the kind of conduct that would support a Rule 11 sanction.

Indeed, Plaintiff's conduct here is markedly different from the conduct that courts have found sanctionable.  In *Bathazi*, for example, plaintiff's counsel had filed various actions seeking mandamus relief with respect to I-140 petitions to secure permanent resident status, which had all been previously dismissed for lack of subject matter jurisdiction.  667 F. Supp. 2d at 1376.  The Eleventh Circuit had even affirmed the district court's dismissal for lack of subject matter jurisdiction in one of the cases brought by plaintiff's counsel.  *Id*. at 1376–77.  The repeated filing of a pleading that the lawyer knew had no basis in law was found to be the kind of "deliberate indifference" that Rule 11 was intended to address.  *Id*. at 1378.  Here, Plaintiff did not engage in repeated "nearly identical" filings "in the face of repeated . . . dismissals."  *Id.* at 1376–78. Plaintiff's actions are also distinguishable from *Eye v. Cohn*, where the Court found that the plaintiff's conduct, filing an objectively groundless complaint for no other purpose than to obtain retribution and forestall progress in plaintiff's criminal case, warranted Rule 11 sanctions.  No. 11-CV-61584-KMM, 2011 WL 5508484, at *4 (S.D. Fla. Nov. 8, 2011).  Unlike the groundless or vexatious motivation that the plaintiff in *Eye* exhibited, there is no support for the conclusion that Plaintiff acted solely to harm City Defendants or for any other improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  Indeed, at the oral argument, the undersigned inquired of City Defendants if they had any authority where a Court had sanctioned a party under factually similar circumstances or could point the Court to their best authority for their request.  Counsel did not provide any and stated that they were relying on the

Rule.  Given that the imposition of sanctions under Rule 11 is an extreme remedy, the Court finds no reason to impose such sanction here.

Second, City Defendants also seek relief under the "ADA's fee-shifting provision, 42 U.S.C. § 12205," which permits a defendant to recover attorneys' fees if "a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).  In evaluating whether a defendant is entitled to attorneys' fees, courts "must focus on the question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."  *Id.* (citing *Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985)).  Although courts must evaluate frivolity on a case-by-case basis, factors to consider include: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits" as well as whether plaintiff failed to "introduce any evidence to support their claims."  *Id.* at 1176–77 (quoting *Sullivan,* 773 F.2d at 1189)).  An additional factor for consideration is "whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1302 (11th Cir. 2021) ("Indeed, when the plaintiff's claim warranted close attention, we have held that a district court abused its discretion in awarding fees, even when the other guideposts pointed toward finding the claim frivolous.") (quoting *Cordoba*, 419 F.3d at 1181–82).

Defendants have failed to show that attorneys' fees are warranted under Section 12205.  Indeed, the *Sullivan* factors, while not dispositive, do not support a grant of sanctions.  First, although City Defendants argue that there was no *prima facie* case here, the fact that City

Defendants never moved to dismiss the claims against them, and instead proceeded to summary judgment, weighs against sanctions.  At the hearing, City Defendants argued that they moved for summary judgment, as opposed to dismissal, because the claims turned on the evidence in the body-worn camera video, and the video was not part of the Amended Complaint.  However, City Defendants had access to the video from the inception of the litigation.  City Defendants' argument that Plaintiff did not attempt to settle does not shift the weight in their favor.  Indeed, even where a plaintiff's ADA claims are "weak, and it is easy at this point to recognize that the court and all parties involved would have been better off had they never been pursued," the Eleventh Circuit has cautioned against awarding attorneys' fees.  *Cordoba*, 419 F.3d at 1181.  Moreover, Plaintiff's claims proceeded to summary judgment, warranting a detailed analysis of the facts and law applicable to this case, such that the claims warranted the Court's close attention.

Third, Defendants also seek sanctions under 28 U.S.C. § 1927, by which "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 785 (11th Cir. 2006) (citation omitted).  Under Section 1927, which must be "strictly construed," sanctions may only be awarded when the following three factors are present: "(1) unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the excess proceedings."  *Id.* at 785–86 (citation omitted).  Moreover, negligence is insufficient to warrant sanctions under Section 1927; rather, bad faith is required, such as "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims."  *Id.* (citation omitted).  If the Court finds that counsel's actions in the case at bar did not multiply the proceedings, the Court need not

consider the first component noted above, namely, whether counsel's actions were "unreasonable and vexatious." *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) (noting that the court need not decide whether counsel's actions were unreasonable and vexatious because counsel had not multiplied proceedings and, thus, Section 1927 sanctions were not warranted). To merit Section 1927 sanctions, "something more than a lack of merit is required." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (citation omitted). The Court cannot make such a finding here.

Sanctions are not warranted under Section 1927. "[T]he language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun." *Macort*, 208 Fed. App'x. at 786; *see also* 28 U.S.C. § 1927. Here, City Defendants were granted summary judgment after Plaintiff filed her First Amended Complaint; she did not engage in multiple unnecessary filings. Moreover, there is no evidence here that this litigation was frivolous, even if not ultimately successful, particularly considering the video evidence depicting the eight-year-old HMM's arrest. *See CaringOnDemand, LLC v. Ventive LLC*, No. 18-CV-80211, 2018 WL 3778663, at *5 (S.D. Fla. Aug. 9, 2018) (finding that plaintiff's "motions were not successful [or meritorious] but they were certainly not frivolous" and "there is no evidence that Plaintiff or Plaintiff's counsel knowingly or recklessly raised a frivolous argument or otherwise acted in bad faith when filing these motions.").

Finally, courts may use their "inherent power to police those appearing before them," including "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citation omitted). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991).  "The key to unlocking a court's inherent power is a finding of bad faith."  *Purchasing Power, LLC*, 851 F.3d at 1223 (citation omitted).  Courts find bad faith where, *inter alia*, "an attorney knowingly or recklessly raises a frivolous argument." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

Sanctions are not warranted under the Court's inherent power.  For the reasons discussed, the undersigned does not find that Plaintiff or her attorneys displayed unreasonable and vexatious conduct, nor bad faith.  Indeed, there is no evidence that Plaintiff or her counsel engaged in the type of conduct that courts have found to warrant sanctions under a court's inherent authority.  *See Plantation Open MRI, LLC v. Infinity Auto Ins. Co.*, 818 Fed. App'x. 891, 892–93 (11th Cir. 2020) (affirming sanctions where plaintiff represented to the court that the parties had reached a stipulation that the parties had not in fact reached, and then "[r]ather than walk back the false claim, [plaintiff] doubled down and actually asked the district court to sanction [defendant] under Rule 11 for denying the stipulation").

In short, after a thorough review of the record and the law, the Court finds that there is no basis for the type of sanctions requested.  City Defendants' legal arguments won the day, but prevailing is far from sufficient.  By any of the standards proposed, City Defendants are simply not entitled to anything more than the costs the Court has already awarded.

**IV.    CONCLUSION**

Therefore, in accordance with the above, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion For Sanctions, ECF No. [72], be **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida on March 8, 2022.

_____
JACQUELINE BECERRA
United States Magistrate Judge

15